[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the action of the defendant Board of Tax Review in its re-assessment of the property at 101 Middle Beach Road on the October 1, 1990 Grand List.
At the hearing, the plaintiff-appellant offered the appraisal of Philip W. Ball who found the market value of this subject property to be $380,000. The defendant's expert, Thomas Boyle valued the property at $675,000.
As these two experts testified, the court was confronted with major disparities in three areas:
 I
While the defendant's appraiser assumed the subject dwelling contained 2,794 square feet of living area, Mr. Ball stated that he actually measured the living area and found it to be 2,111 square feet. It is significant that this smaller figure is reflected on the 1980 assessor's revaluation card, suggesting the defendant adopted that figure for that evaluation.
Mr. Boyle would assign a value of $21,000 to the 683 square foot difference if it were found that the smaller figure was correct. This would still leave the two values far apart and by itself, leaves the court with numerous questions.
 II
Of more significance is the valuation placed on the land in question by Mr. Boyle. The subject parcel contains .2 acres and was valued at $450,000.
The plaintiff introduced an appraisal prepared by Mr. Boyle in which he valued a vacant parcel next door to the subject CT Page 5140 property containing .7 acres at $300,000.
 III
Finally, the court heard each expert testify as to the comparables utilized and noted Mr. Ball's exceptions to the descriptions of the comparables used by Mr. Boyle.
Having heard several tax appeals involving this particular re-evaluation in Madison, the court is well acquainted with many of the comparables used by both parties.
Considering its location across from the water, its front views (of two other houses), its age, condition, and general aesthetics, the court cannot envision the subject property as on a par with, for example, the comparable known as 162 Middle Beach Road.
CONCLUSION
It is therefore the conclusion of the court that the defendant's evaluation is not sustainable on this evidence. The court finds the plaintiff's appraisal to represent the more reasonable value and adopts that evaluation of $380,000 as the market value.
This figure will pertain to the list of October 1, 1990 and forward. The court will allocate this value at $127,000 for the structure and $253,000 to the land.
The appeal is sustained and the plaintiffs are entitled to their costs, including an appraiser's fee of $2,100.
Anthony V. DeMayo Judge Trial Referee